UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

       Plaintiff,

v.                                                                              Civil Action No. 2:26-cv-10293
                                                                                HON. MARK A. GOLDSMITH
LAPEER, CITY OF, et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING THE COMPLAINT (Dkt. 1)**

      This matter is before the Court on Plaintiff Darryl McGore's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff McGore is an inmate confined at the Carson City Correctional Facility in Carson City, Michigan. Upon review of the case and Mr. McGore's litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

      Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." See also Owens v. Keeling, 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his complaint.

      The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). See also In Re Prison Litigation Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), allows

1

prisoners the opportunity to make a "downpayment" of a partial filing fee and then pay the remaining fee in installments.  See Boussum v. Washington, 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); reconsideration denied, 655 F. Supp. 3d 636 (E.D. Mich. 2023).

Mr. McGore has had at least eight prior cases that were dismissed for being frivolous, malicious, or for failing to state a claim upon which relief can be granted.  See McGore v. Hudson, No. 1:98-cv-10080 (E.D. Mich. June 2, 1998); McGore v. Hunter, No. 2:96-cv-74326 (E.D. Mich. Oct. 15, 1996); McGore v. Hunter, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); McGore v. Jones, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996); McGore v. Michigan Supreme Court Judges, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); McGore v. Nardi, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); McGore v. Stine, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); McGore v. Stine, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993).

In addition, Mr. McGore has numerous times been denied leave to proceed in forma pauperis under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these frivolity dismissals. See, e.g., McGore v. Kurish, No. 2:25-cv-13245 (E.D. Mich. Nov. 13, 2025); McGore v. Artis, No. 1:25-CV-516, 2025 WL 1392289 (W.D. Mich. May 14, 2025); McGore v. Internal Revenue Comm'r, No. 2:25-CV-21, 2025 WL 1293552 (W.D. Mich. May 5, 2025); McGore v. Hood, et. al., No. 24-cv-10999 (E.D. Mich. Aug. 12, 2024); McGore v. United States Dist. Ct. Judges, No. 24-cv-10890, 2024 WL 1889211 (E.D. Mich. Apr. 30, 2024); McGore v. Roberts, No. 19-cv-13647, 2019 WL 7067086 (E.D. Mich. Dec. 23, 2019); McGore v. U.S. Supreme Ct. Justs., No. 2:19-cv-244, 2019 WL 6799099 (W.D. Mich. Dec. 13, 2019); McGore v. Michigan State Police, No. 2:19-cv-228, 2019 WL 6522144 (W.D. Mich. Dec. 4, 2019); McGore v. Lesatz, No. 2:19-cv-51, 2019 WL 1109761 (W.D. Mich. Mar. 11, 2019); McGore v. Schuette, No. 2:18-cv-103, 2018 WL 577320 (W.D. Mich. Nov. 2, 2018); McGore v. Shenk, No. CV 17-13320, 2017 WL 11473286

(E.D. Mich. Nov. 16, 2017); McGore v. Trinity Food Grp., No. 2:17-cv-13135, 2017 WL 4348844 (E.D. Mich. Sept. 29, 2017); McGore v. United States Supreme Court, et. al., No. 14-cv-14176 (E.D. Mich. Jan. 8, 2015); McGore v. Lutz, No. 2:09-cv-13031, 2009 WL 2959874 (E.D. Mich. Sept. 11, 2009).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. See, 28 U.S.C. § 1915(g) (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999); Witzke v. Hiller, 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. See Clemons v. Young, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may sua sponte raise the three strikes provision of the PLRA on its own initiative. Witzke, 966 F. Supp. at 539. A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). See Taylor v. United States, 161 F. App'x. 483, 485-86 (6th Cir. 2005).

Plaintiff has not alleged any facts which would establish that he in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his three prior strikes. Mulazim v. Michigan Dept. of Corrections, 28 F. App'x. 470, 472 (6th Cir. 2002). Plaintiff does allege that while he was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan in 2025, the defendants failed to maintain the electrical wiring system at this facility, which created a danger of imminent harm to Plaintiff.

3

Case 2:26-cv-10293-MAG-DRG   ECF No. 6, PageID.62   Filed 02/02/26   Page 4 of 5

In order to come within the "imminent danger" exception contained in 28 U.S.C.§ 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." Rittner v. Kinder, 290 F. App'x. 796, 797 (6th Cir. 2008). Assertions of past danger will not satisfy the imminent danger exception. See Pointer v. Wilkinson, 502 F.3d 369, 371, n. 1 (6th Cir. 2007); Rittner, 290 F. App'x. at 797. The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. See Vandiver v. Vasbinder, 416 F. App'x. 560, 562 (6th Cir. 2011). Mr. McGore's allegations fail to show that there is any imminent danger that is contemporaneous with the filing of this complaint. Moreover, Plaintiff is no longer incarcerated at the Thumb Correctional Facility but is now incarcerated at the Carson City Correctional Facility. Mr. McGore cannot allege that he is in imminent danger of serious physical injury at a facility where he is no longer incarcerated. See Medberry v. Butler, 185 F. 3d 1189, 1193 (11th Cir. 1999); Raleem-X v. Borgerding, No. 16-CV-12234, 2016 WL 4800877, at * 2 (E.D. Mich. Sept. 14, 2016).

Mr. McGore's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. Witzke, 966 F. Supp. at 540.

Since Plaintiff has had eight prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing in forma pauperis. See Drummer v. Luttrell, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

4

Lastly, because the complaint is being dismissed pursuant to 1915(g), Mr. McGore's pending motions (Dkts. 2, 3, 4) are denied as moot. See, e.g., Tucker v. Kandulski, No. 15-cv-11117, 2015 WL 5692909, at * 6 (E.D. Mich. Sept. 28, 2015).

## CONCLUSION

Plaintiff's in forma pauperis status is denied and the complaint (Dkt. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Further, any appeal taken by the Plaintiff would not be done in good faith.

**SO ORDERED.**

Dated: February 2, 2026  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 2, 2026.

  s/Joseph Heacox
  JOSEPH HEACOX
  Case Manager